UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

```
JON HONKALA                         :
                                    :
       v.                           :
                                    :  CIVIL NO. 1:06CV95
VERMONT DEPARTMENT OF CORRECTIONS   :
AND ROBERT HOFMANN, COMMISSIONER    :
_____:
```

RULING AND ORDER

The plaintiff is an inmate in the custody of the Vermont
Department of Corrections.  He alleges the defendants refused to
place him in a work camp because of his diabetic condition, in
violation of the Americans with Disabilities Act.  In response,
the defendants claim the plaintiff is ineligible for placement in
a work camp because he is convicted of a crime defined as
"violent" under applicable regulations.

After reviewing the plaintiff's complaint and accompanying
motion for preliminary injunction, the Court held a status
conference at which it instructed the parties to address the
impact of the Supreme Court's recent decision in Woodford v. Ngo,
126 S. Ct. 2378 (2006).  The Woodford Court examined the
exhaustion doctrine and its impact on prisoner litigation after
the passage of the Prison Litigation Reform Act of 1995
(hereinafter "PLRA).  Finding the PLRA imposes a requirement of
"mandatory," id. at 2382, exhaustion of administrative remedies
before an inmate can bring a federal suit challenging the

1

conditions of his or her imprisonment, the Supreme Court

explained:

> The PLRA attempts to eliminate unwarranted federal-
> court interference with the administration of prisons,
> and thus seeks to afford corrections officials time and
> opportunity to address complaints internally before
> allowing the initiation of a federal case. . . .  The
> PLRA also was intended to reduce the quantity and
> improve the quality of prisoner suits. . . .  Requiring
> proper exhaustion serves all of these goals.  It gives
> prisoners an effective incentive to make full use of
> the prison grievance process and accordingly provides
> prisons with a fair opportunity to correct their own
> errors.  This is particularly important in relation to
> state corrections systems because it is difficult to
> imagine an activity in which a State has a stronger
> interest, or one that is more intricately bound up with
> state laws, regulations, and procedures, than the
> administration of its prisons.

Id. at 2387-88 (citations and quotation marks omitted).

In this case, it is undisputed that the plaintiff has not

even attempted to exhaust his administrative remedies.  Plaintiff

argues, however, the futility doctrine survives Woodford and the

defendants' consistent refusal to permit diabetics to participate

in a work camp renders his exhaustion unnecessary.

The Court need not decide under what circumstances the

futility exception to administrative exhaustion remains viable

after Woodford.  See id. at 2393 (Justice Breyer, concurring).

Here, the defendants claim the plaintiff's criminal history

provides the actual basis for the decision.  In light of the

Supreme Court's discussion of the benefits of the mandatory

exhaustion now imposed under the PLRA, this seems precisely the

type of dispute which should first be addressed by state officials before a federal suit is filed.

Because the plaintiff has failed to exhaust his administrative remedies, this matter is DISMISSED without prejudice.  It is further certified that any appeal taken <u>in forma pauperis</u> would not be taken in good faith because such an appeal would be frivolous.  <u>See</u> 28 U.S.C. § 1915.

Dated at Brattleboro, Vermont, this 4th day of August, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge